IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JERMAINE JONES,

                 Plaintiff,

v.                                                                          OPINION and ORDER

AUSTIN OTTO, KEVIN DOE,                                 25-cv-30-jdp
and NICHOLAS JOHNSON,

                 Defendants.[1]

---

Plaintiff Michael Jermaine Jones, proceeding without counsel, is currently incarcerated at Columbia Correctional Institution. Jones alleges that when he was at the Wisconsin Resource Center, he was sexually assaulted several times by inmates and staff, who are members of the Aryan Brotherhood gang and targeted Jones because he is black. Jones also alleges that when he filed grievances about these assaults, defendant Nicholas Johnson intentionally performed a deficient investigation and did so because Jones is black. Dkt. 1. I granted Jones leave to proceed on Eighth and Fourteenth Amendment claims against Johnson and two other prison staff members. Dkt. 7. Defendants now move for partial summary judgment, contending that Jones failed to exhaust his administrative remedies for his claims against defendant Johnson. Dkt. 23. For the reasons stated below, I will grant defendants' motion for partial summary judgment and dismiss Johnson from the case.

---

[1] I have amended the caption to reflect defendant Johnson's full name as provided by defendants.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Jones brings an Eighth Amendment claim against Johnson for intentionally performing a deficient investigation into an assault that occurred in February 2024. Jones also brings a Fourteenth Amendment claim based on his allegations that Johnson belongs to the Aryan Brotherhood gang and mistreated Jones because he is black.

Defendant Johnson submits Jones's grievance history report, Dkt. 25-1, and identifies four grievances that he thinks Jones might say exhausted his claims. Johnson contends that none of these grievances exhaust Jones's claims, either because Jones didn't fully exhaust them or they weren't about Johnson's alleged misconduct. Jones did not file a response to defendants'

2

partial summary judgment motion, so I will accept the grievance records that Johnson filed in support of his motion as undisputed. Fed. R. Civ. P. 56(e)(2). But Johnson must still carry the burden to show that summary judgment is appropriate. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

A. **WRC-2024-3272**

In grievance No. WRC-2024-3272, Jones complained about sexual assault and burns inflicted by prison staff and inmates on February 15, 2024. Dkt. 25-2. That is the incident that precipitated Johnson's investigation. But Johnson argues that this grievance cannot meet the exhaustion requirement because Jones did not complain about Johnson's investigation. Johnson initiated his investigation and interviewed Jones on March 4, 2024, *after* Jones filed grievance '3272. I agree that this grievance doesn't exhaust Jones's claims because it didn't alert prison officials to Johnson's alleged misconduct. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought").

B. **WRC-2024-6718**

In grievance No. WRC-2024-6718, Jones complained about a May 3, 2024 assault at the hands of a staff member named Kevin. This grievance isn't about Johnson's handling of the February 2024 assault, which is reason enough to conclude that it doesn't exhaust Jones's claims against Johnson. Moreover, Jones didn't appeal the dismissal of this grievance, so he did not exhaust the grievance procedures as required by the PLRA.

C. **WRC-2024-11628**

In grievance No. WRC-2024-11628, Jones complained that he had been burned by members of the Aryan Brotherhood, with him listing the date of the incident as July 22, 2024.

3

Dkt. 25-4. Jones did appeal the denial of this grievance. In his appeal, Jones claimed that the burns were inflicted by inmates who were members of the Aryan Brotherhood and Latin Kings gangs. He also mentioned that he had written to various prison staff, including captains, to seek help, but he did not mention Johnson or Johnson's investigation of his earlier grievance, so the '11628 grievance cannot meet the exhaustion requirement for his claims against Johnson.

### D. WRC-2024-12734

In grievance No. WRC-2024-12734, Jones complained that he was having trouble with prison staff and inmates "playing games" with his canteen account. Dkt. 25-5. Grievance '12734 does not mention Johnson's investigation of Jones's earlier grievance and was not appealed, so it cannot meet the exhaustion requirement.

## CONCLUSION

Because none of Jones's grievances exhausted his administrative remedies for his claims against Johnson, I will grant defendants' motion for partial summary judgment and I will dismiss Johnson from the case. Dismissals for failure to exhaust are always without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), although it is probably too late for Jones to properly exhaust his claims against Johnson.

This case will proceed with Jones's Eighth and Fourteenth Amendment claims against defendants Austin Otto and Kevin Doe for sexually assaulting him.

4

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, Dkt. 23, is GRANTED.

2. Plaintiff's claims against Defendant Johnson are DISMISSED without prejudice.

3. Defendant Johnson is DISMISSED from the case.

Entered February 4, 2026.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge