IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JERMAINE JONES,

Plaintiff,

v.

AUSTIN OTTO and KEVIN DOE,

Defendants.

OPINION and ORDER

25-cv-30-jdp

---

Plaintiff Michael Jermaine Jones, proceeding without counsel, is currently incarcerated at the Wisconsin Resource Center. Jones alleges that during a previous stint at that facility, he was sexually assaulted by defendant psychiatric care technicians "Kevin" and Austin Otto, who are members of the Aryan Brotherhood gang and targeted Jones because he is black. I granted Jones leave to proceed on Eighth and Fourteenth Amendment claims against these defendants.

The court treated defendant Kevin as a "John Doe" defendant and gave Jones a deadline to use discovery requests to identify the defendant and amend his complaint with that person's full name. But Jones did not do so, so I will dismiss defendant Kevin Doe from the case.

Defendant Otto moves for summary judgment, Dkt. 32, which I will grant. I will dismiss the case in its entirety.

## ANALYSIS

Otto contends that he did not sexually assault Jones, that he isn't a member of a white supremacist gang, and that Jones is known for making unfounded allegations of sexual assault against other inmates and staff. He supports that assertion with his own declaration, along with evidence from a Prison Rape Elimination Act investigation following Jones accusing Otto of

assaulting him in February 2024. In particular, video from the night of the alleged incident shows no one entering Jones's cell during the time that Jones alleges that he was assaulted. *See* Dkt. 36-1 (placeholder docket entry for footage submitted by Otto).

Jones did not respond to Otto's motion for summary judgment. That alone isn't reason to grant Otto summary judgment; Otto must still carry the burden to show that summary judgment is appropriate. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994). Otto has done so, presenting evidence showing that he did not assault Jones. Under this court's summary judgment procedures, I will consider Otto's proposed findings of fact to be undisputed. *See* attachments to preliminary pretrial conference order, Dkt. 18, at 8 ("If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed.").

Courts often observe that summary judgment requires the party with the burden of proof to "put up or shut up," pointing to evidence from which a reasonable jury could find in its favor of each element of its claim. *See, e.g.*, *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). Because Jones hasn't submitted evidence supporting his claims and the undisputed facts show that Otto didn't assault Jones, I will grant Otto's motion for summary judgment and close the case.

ORDER

IT IS ORDERED that:

1. Defendant Kevin Doe is DISMISSED.
2. Defendant Otto's motion for summary judgment, Dkt. 32, is GRANTED.

3. The clerk of court is directed to enter judgment accordingly and close the case.

Entered September 3, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge